# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

EDWARD RICE,                                     )
                                                 )
                    Plaintiff,                   )
                                                 )
        v.                                       )   **Case No.:**
                                                 )
ALLIED INTERSTATE, LLC s/h/a                     )   **COMPLAINT AND DEMAND FOR**
ALLIED INTERSTATE,                               )   **JURY TRIAL**
                                                 )
                    Defendant.                   )   **(Unlawful Debt Collection Practices)**

## COMPLAINT

EDWARD RICE ("Plaintiff"), by and through his attorneys, ANGELA K. TROCCOLI and KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC s/h/a ALLIED INTERSTATE ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

- 1 -

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).


**PARTIES**

5.     Plaintiff is a natural person residing in Enfield, Connecticut 06082.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     Defendant is a debt collection company with its headquarters located at 335 Madison Avenue, 27th Floor, New York, New York 10017.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.    Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.    At all relevant times herein, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

12.    Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt, if truly an obligation owed by him, could only have arisen from a financial obligation primarily for personal, family, or household purposes.

13.    Beginning in or around May 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone.

14.    Upon initial communication, Defendant identified itself as Allied Interstate and informed Plaintiff that the call's purpose was an attempt to collect a debt.

15.    Plaintiff advised Defendant during the initial conversation and subsequent conversations thereafter, that he was unaware of any outstanding balances, and as such, requested Defendant cease all communication to his cellular telephone.

PLAINTIFF'S COMPLAINT

16.     Defendant, although hearing Plaintiff's revocation in May 2015, failed to update its records to cease all calls to Plaintiff.

17.     Instead, Defendant persisted in calling Plaintiff's cellular telephone knowing that he did not want to be called on his cellular telephone.

18.     Defendant called Plaintiff at least one hundred (100) times since he told Defendant to stop calling him.

19.     For example, on August 11, 2015, Defendant called Plaintiff fifteen (15) times.

20.     In order to try to stop the calls, Plaintiff would answer Defendant's calls and hang-up, but Defendant would immediately call him back, showing its intent to annoy and harass him.

21.     In addition, Defendant called Plaintiff at times when it was per se inconvenient for him to receive collection calls, specifically calling him before 8:00 a.m. and after 9:00 p.m.

22.     Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send written notification of his rights to dispute the debt and/or to request verification of the debt, as well as providing him with the amount of the debt and the name of the original creditor.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

23.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(a)(1).

    a.     Section 1692c(a)(1) of the FDCPA prohibits a debt collector from communicating with a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, including the placement of calls before 8:00 a.m. and after 9:00 p.m.

    b.     Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff's cellular telephone before 8:00 a.m. and after 9:00 p.m.

**COUNT II**

24.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

b.   Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c.   Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it continued to call Plaintiff after being told to stop calling him as well as when it caused Plaintiff's telephone to ring continuously, on occasion calling fifteen (15) times in a single day as well as calling Plaintiff over 100 times in less than a 3 month period.

## COUNT III

25.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

a.   A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b.   Here, Defendant violated § 1692f of the FDCPA by engaging in other unfair and unconscionable debt collection practices, including failing to update its records to stop calling Plaintiff, after being informed to stop calling.

- 6 -

PLAINTIFF'S COMPLAINT

**COUNT IV**

26.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g.

a.     A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

- 7 -

b.      Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, EDWARD RICE, respectfully prays for a judgment as follows:

a.      All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.      Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, EDWARD RICE, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

EDWARD RICE
By his Attorney,

/s/ Angela K. Troccoli
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated:  September 11, 2015

PLAINTIFF'S COMPLAINT